IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| BEDAH DONALD FREY, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:09-CV-0180 |
| | § | |
| RICK THALER, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## REPORT AND RECOMMENDATION TO DENY
## RESPONDENT'S MOTION TO DISMISS PURSUANT TO 28 U.S.C. § 2244(D)

Came for consideration respondent's November 24, 2009 motion to dismiss the petition for a writ of habeas corpus filed by petitioner BEDAH DONALD FREY. Respondent's motion alleges petitioner's habeas application is barred by the statute of limitations and urges dismissal on that ground. For the reasons hereinafter set forth, it is the opinion of the undersigned United States Magistrate Judge that respondent's motion be DENIED.

I.
PROCEDURAL HISTORY

On March 12, 2008, pursuant to his guilty plea, petitioner was convicted of the offense of securing the execution of a document by deception in an amount greater than $200,000 out of the 108th Judicial District Court of Potter County, Texas, and was sentenced to eight (8) years' imprisonment in the Texas Department of Criminal Justice, Institutional Division. *See State v. Frey*, Cause No. 57,009-E. As part of his plea agreement, petitioner stated he "waives and gives up

the time provided by law in which to file a Motion for New Trial, Motion for Arrest of Judgment, and Notice of Appeal." After his plea, petitioner did not appeal his conviction or sentence to the state appellate court.

On April 1, 2008, petitioner filed an application for a state writ of habeas corpus with the Potter County District Clerk challenging his conviction and sentence.[1] The district court accepted petitioner's application and provided notice of the filing to the district attorney that same date. On April 28, 2008, the district attorney filed an answer. On May 21, 2008, the Texas Court of Criminal Appeals dismissed petitioner's state application *per curiam* noting only that it was "noncompliant" with Rule 73.1 of the Texas Rules of Appellate Procedure.[2] *Ex parte Frey*, Application No. 64,669-02. On September 26, 2008, petitioner filed a second application for a state writ of habeas corpus, which the Texas Court of Criminal Appeals denied without written order on December 3, 2008. *Ex parte Frey*, Application No. 64,669-03.

Petitioner attests he placed his federal habeas corpus application in the prison mailing

---

[1] The Texas Court of Criminal Appeals received petitioner's state habeas application from the district clerk on May 9, 2008.

[2] Rule 73.1 governs the form of postconviction applications for writs of habeas corpus in felony cases (other than capital felony cases) and states:

> (a) *Prescribed Form.* An application for post conviction habeas corpus relief in a felony case without a death penalty, under code of Criminal Procedure article 11.07, must be made in the form prescribed by the Court of Criminal Appeals in an order entered for that purpose.
>
> (b) *Availability of Form.* The clerk of the convicting court will make the forms available to applicants on request, without charge.
>
> (c) *Contents.* The person making the application must provide all information required by the form. The application must specify all grounds for relief, and must set forth in summary fashion the facts supporting each ground. The application must not cite cases or other law. Legal citations and arguments may be made in a separate memorandum. The application must be typewritten or handwritten legibly.
>
> (d) *Verification.* The application must be verified by either:
>   (1) oath made before a notary public or other officer authorized to administer oaths, or
>   (2) if the person making the application is an inmate in the Institutional Division of the Department of Criminal Justice or in a county jail, an unsworn declaration in substantially the form required in Civil Practice and Remedies Code chapter 132.

system on July 11, 2009. In his application, petitioner alleges his Potter County conviction and sentence is in violation of the Constitution and laws of the United States because:

1. his guilty plea was unknowing and involuntary;

2. the terms of his plea bargain were not fulfilled; and

3. he was denied effective assistance of trial counsel because counsel:

    a. allowed petitioner to enter an illegal and unfulfilled plea bargain;

    b. failed to perform a pre-trial investigation; and

    c. was not qualified to handle petitioner's case.

Petitioner's federal application was filed with the United States District Court for the Western District of Texas, El Paso Division, on July 14, 2009. This Court received the case by transfer on August 3, 2009. Respondent filed his motion to dismiss on November 24, 2009. Petitioner filed a response to respondent's motion on December 2, 2009, and a supplemental response on January 27, 2010.

## II.
## STATUTE OF LIMITATIONS

Section 28 U.S.C. § 2244(d)(1) establishes a one-year limitation period for filing a habeas petition in federal court. That subsection provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Title 28 U.S.C. § 2244(d)(2) further provides:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Petitioner's claims attack the validity of his March 12, 2008 conviction. The record does not reflect any unconstitutional State action impeded petitioner in his filing of the instant federal writ, 28 U.S.C. § 2244(d)(1)(B), nor do petitioner's claims involve a constitutional right recognized by the Supreme Court in the last year and made retroactive to cases on collateral review, 28 U.S.C. § 2244(d)(1)(C), nor has petitioner shown he could not have discovered the factual predicate of his claims until a date subsequent to the final conviction date. *See* 28 U.S.C. § 2244(d)(1)(D). Accordingly, the one-year limitation period began to run as to petitioner's claims on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

The state trial court imposed petitioner's 8-year sentence on March 12, 2008. Respondent argues that because petitioner waived his right to appeal as part of his guilty plea, his conviction became final on the date it was entered. The question, therefore, is when does the conviction became <u>final</u> when a petitioner waives his right to appeal. This district has held, "the fact that state law may restrict a plea-bargaining defendant's right to direct appeal . . . [is] irrelevant to the computation of the federal limitations period under § 2244(d)(1)(A)." *Hughes v. Dretke*, No. 4:04-CV-802, 2004 WL 2921841, at *2 (N.D.Tex. Dec. 14, 2004). Texas law allows a defendant thirty

(30) days after the day sentence is imposed in open court to file a Notice of Appeal initiating direct review of his conviction and sentence. *See* Tex. R. App. P. 26.2(a)(1). Petitioner then had until April 11, 2008, in which to file his Notice of Appeal, even if that appeal was subject to dismissal. Petitioner failed to file a notice of appeal, therefore, the time for seeking direct review expired April 11, 2008, and petitioner's conviction became final that date. Any federal habeas application challenging his state conviction and sentence was due on or before April 11, 2009.

On April 1, 2008, petitioner submitted his first state habeas application to the clerk of the convicting court for filing. Petitioner's application was submitted on a typewritten form similar to the March 5, 2007 revised form prescribed by the Court of Criminal Appeals and containing essentially the same information the prescribed form requires. According to petitioner, the form he submitted was the state habeas form he received from the Potter County District Clerk. Upon receipt of the form from petitioner, the state district clerk accepted the application, and filed such, providing the district attorney with notice of the filing. The district attorney answered the petition, and the petition was forwarded to the Texas Court of Criminal Appeals. The clerk of the Court of Criminal Appeals accepted and filed the application on May 9, 2008. Eleven (11) days later, the Texas Court of Criminal Appeals dismissed the application citing petitioner's failure to comply with Texas Rule of Appellate Procedure 73.1. The dismissal did not specify in what manner the application did not comply with the rule.

The Fifth Circuit has held that a state writ dismissed pursuant to Rule 73.1 is not "properly filed" within the meaning of § 2244(d)(1)(A) so as to statutorily toll the AEDPA statute of limitations. *See Davis v. Quarterman,* No. 08-10495, 2009 WL 2710057 at *1 (5th Cir. Aug.27, 2009), *cert. denied,* No. 09-7570 (U.S. Jan. 19, 2010) (the petitioner's application was "clearly" not filed in conformity with Rule 73.1 as petitioner did not summarily state the basis for his claims on

the habeas application form but, instead, inserted forty typewritten pages stating his claims in great detail). Following *Davis*, petitioner's first state habeas application, dismissed by the Texas Court of Criminal Appeals for noncompliance with Texas Rule of Appellate Procedure 73.1, would not statutorily toll limitations under § 2244(d)(2) because petitioner's state application was not a "properly filed application." To the extent petitioner argues the Texas Court of Criminal Appeals erred in its dismissal, such an argument is not reviewable here. *See Weeks v. Scott*, 55 F.3d 1059, 1063 (5th Cir. 1995) (noting federal habeas corpus courts will not review a state court's interpretation of state law). This Court, on federal habeas review, will not look behind the Texas court's Order of dismissal which, on its face, cites Rule 73.1. *See id.*

It appears, however, neither the state district clerk nor the clerk of the Texas Court of Criminal Appeals complied with the state's procedural rules to return petitioner's application. *See* Tex. R. App. Proc. 73.2.[3] Petitioner's state habeas application, which contained essentially the same information as the March 5, 2007 revised form prescribed by the Court of Criminal Appeals,[4] was not initially rejected by either the state district clerk nor the clerk of the Court of Criminal Appeals and, in fact, was accepted by state court officials, treated as a properly filed application, and allowed to remain pending for fifty-one days without any notice to petitioner of any defects or any opportunity to cure any defects. Any reasonable person in petitioner's situation would have no

---

[3]Rule 73.2 states:

Non compliance

The clerk of the convicting court will not file an application that is not on the form prescribed by the Court of Criminal Appeals, and will return the application to the person who filed it, with a copy of the official form. The clerk of the Court of Criminal Appeals may, without filing an application that does not comply with this rule, return it to the clerk of the convicting court, with a notation of the defect, and the clerk of the convicting court will return the application to the person who filed it, with a copy of the official form.

[4]The undersigned additionally notes respondent has not refuted petitioner's claim that the district clerk provided him with the state habeas form he initially submitted to the state courts. Petitioner does not indicate the source of the form he used for his second state habeas application.

reason to believe the first state habeas petition was deficient until it was actually dismissed.

The one-year statute of limitations on petitions for federal habeas relief by state prisoners is subject to equitable tolling. *Holland v. Florida*, 130 S.Ct. 2549 (2010). To establish an entitlement to equitable tolling, the petitioner must show (1) he pursued his habeas rights diligently, and (2) some "extraordinary circumstance" prevented him from effecting a timely filing. *Davis*, 2009 WL 2710057 at *1. The diligence required for equitable tolling purposes is "reasonable diligence," not "maximum feasible diligence." *Holland*, 130 S.Ct. at 2565.

Petitioner filed his federal habeas application on the form provided to him by the district clerk, even before his conviction became final on April 11, 2008. The district clerk and Court of Criminal Appeals' clerk both maintained petitioner's habeas application on the courts' dockets without notice of any deficiencies or non-conformities to petitioner. The district attorney did not object to the application on procedural grounds and filed an answer to it. The Court of Criminal Appeals dismissed petitioner's application without identifying the non-conformity. The application does not appear to have been "clearly" non-conforming with Rule 73.1, as was the case in *Davis*. Petitioner Frey submitted his claim on the form provided by the district clerk. Petitioner could not have been expected to file another state habeas petition until he found out his initial filing was deficient. These facts and circumstances warranted petitioner's failure to take any other action during the fifty-one days his non-conforming petition remained pending. *Cf. Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000) (federal habeas petitioner may be entitled to equitable tolling if there is a "substantial delay" in receiving notice of denial of state writ and petitioner "pursued the [habeas corpus relief] process with diligence and alacrity" both before and after receiving that notice). As a result, the statute of limitations is subject to equitable tolling from April 11, 2008, the date petitioner's conviction became final, to May 21, 2008, the date his first habeas application was

dismissed, a period of forty (40) days. *Cf. Hardy v. Quarterman*, 577 F.3d 596 (5th 2009); *Coker v. Quarterman*, No. 05-10020, 2008 WL 724042 (5th Cir. Mar. 17, 2008) (addressing due diligence in delayed notice cases).

On September 26, 2008, petitioner filed, with the state trial court, his second state habeas application challenging his conviction and sentence. Petitioner, after receiving the general notice that his first habeas was non-compliant, was able to obtain a different state habeas form, complete it and submit his application less than four (4) months after his first state habeas application was dismissed, despite being transferred numerous times between units. This September 2008 filing statutorily tolled the expiration of the limitation period for the sixty-nine (69) days it was pending. If it is determined petitioner was diligent and equitable tolling is allowed, then the limitation period would be equitably tolled for forty days and statutorily tolled for sixty-nine days and petitioner's federal habeas application would have been due on July 29, 2009. Petitioner's federal habeas application was placed in the prison mail system on July 11, 2009. Consequently, the federal petition would be timely if petitioner is allowed the statutory and equitable tolling outlined above.

Respondent's motion to dismiss, based upon limitations, is treated as a motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Toney v. Quarterman*, No. H-09-0083, 2009 WL 2356104, at *2 (S.D.Tex. Jul. 27, 2009) (holding respondent's assertion a habeas corpus petition was time barred "suggests [respondent] seeks dismissal for failure to state a claim for which relief may be granted under Fed. R. Civ. P. 12(b)(6)"). A 12(b)(6) motion to dismiss cannot be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Scanlan v. Texas A&M University*, 343 F.3d 533 (5th Cir. 2003). A motion to dismiss for failure to state a cause of action cannot be granted if resolution of the issue requires the court to go outside the pleadings, and the court must accept all well-pleaded

facts as true, viewing these facts most favorably to the plaintiff. *Id*.

In this case, resolution of the issue of due diligence and equitable tolling would require the Court to go beyond the face of the complaint, and would further require the Court not to accept plaintiff's facts as true. Respondent argues "it cannot be said that [petitioner] was diligent in pursuing relief," and states, without citation to authority, that petitioner was "inactive in filing a proper challenge to his guilty plea for six months after the judgment became final," and that "[h]e was also inactive for more than seven months after his state writ was denied before filing his federal petition." Petitioner contests that argument and contends he was diligent and provides the Court with details and argument in support of that contention. The issue of due diligence is a fact-specific issue and cannot be resolved based solely upon petitioner's complaint. In fact, an evidentiary hearing to resolve the issue of diligence might be required. Such a hearing is neither warranted nor proper at this stage of the case where only a 12(b)(6) motion has been filed and no other responsive pleading has been filed. It may be less burdensome to address the merits of petitioner's habeas corpus petition than to conduct an evidentiary hearing on the issue of diligence and equitable tolling. Respondent is not prejudiced in that respondent may still raise limitations in his answer, or by motion, after filing an answer. At present, however, the fact issue of due diligence has been raised and dismissal of this cause of action for failure to state a claim for relief under Rule 12(b)(6) is not warranted. Respondent's motion to dismiss should be denied and respondent should file an answer on the merits.

III.
RECOMMENDATION

It is the RECOMMENDATION of the undersigned United States Magistrate Judge that

respondent's motion to dismiss be DENIED, and that respondent promptly file an answer on the merits of petitioner's federal habeas corpus petition.

## IV.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 2nd day of September, 2010.

*(signature)*
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

**\* NOTICE OF RIGHT TO OBJECT \***

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).