IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| BEDAH DONALD FREY, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:09-CV-0180 |
| | § | |
| RICK THALER, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**REPORT AND RECOMMENDATION TO
DENY PETITION FOR WRIT OF HABEAS CORPUS**

Came for consideration the Petition for a Writ of Habeas Corpus filed by petitioner BEDAH DONALD FREY.  At the time the petition was filed, petitioner was in the custody of the Texas Department of Criminal Justice.  Since filing, it appears he was granted parole on his Texas sentence and released to Colorado authorities.  For the reasons hereinafter set forth, it is the opinion of the undersigned United States Magistrate Judge that the petition be DENIED.

I.
PROCEDURAL HISTORY

On March 12, 2008, pursuant to a guilty plea, petitioner was convicted of the offense of securing the execution of a document by deception in an amount greater than $200,000 out of the 108th Judicial District Court of Potter County, Texas.  He was sentenced to eight (8) years

imprisonment in the Texas Department of Criminal Justice, Correctional Institutions Division.  *See State v. Frey*, Cause No. 57,009-E.  Petitioner did not appeal his conviction or sentence to the state appellate court.  In fact, he waived his right to appeal.

On April 1, 2008, petitioner filed a state application for a writ of habeas corpus with the Potter County District Clerk challenging his conviction and sentence.[1]  On May 21, 2008, the Texas Court of Criminal Appeals dismissed petitioner's state application *per curiam* as "noncompliant" with Rule 73.1 of the Texas Rules of Appellate Procedure.  *Ex parte Frey*, Application No. 64,669-02.  On September 26, 2008, petitioner filed a second application for a state writ of habeas corpus, which the Texas Court of Criminal Appeals denied without written order on December 3, 2008.  *Ex parte Frey*, Application No. 64,669-03.

Petitioner attests he placed his federal habeas corpus application in the prison mailing system on July 11, 2009.  Petitioner's federal application was filed with the United States District Court for the Western District of Texas, El Paso Division, on July 14, 2009.  This Court received the case by transfer on August 3, 2009.  After issuance of an Order to Show Cause, respondent filed a motion to dismiss the petition as time barred.  The motion to dismiss was denied, and respondent was ordered to file an answer.

On October 29, 2010, respondent filed his answer again arguing the habeas petition should be dismissed as time barred.  Alternatively, respondent argued it should be dismissed as "partially unexhausted and procedurally defaulted and entirely without merit."  Petitioner filed his reply to the answer on December 12, 2010.

---

[1]The Texas Court of Criminal Appeals received petitioner's state habeas application from the district clerk on May 9, 2008.

II.
<u>PETITIONER'S ALLEGATIONS</u>

Petitioner presents the following grounds for relief in his petition for writ of habeas corpus:

1.      His guilty plea was involuntary because his Texas sentence did not run
        concurrently with a Colorado sentence.  Petitioner alleges this was in
        violation of the plea agreement.

2.      The trial court failed to fulfil the plea agreement by failing to delay
        sentencing until after petitioner was extradited to Colorado.

3.      Trial counsel was ineffective by: 1) allowing petitioner to enter into an illegal
        and unfulfilled plea agreement; 2) by failing to investigate or file pretrial
        motions; and 3) because he was unqualified to handle the case.

Although all of the claims listed above will be addressed, the thrust of the petition is that

petitioner pled guilty pursuant to a plea bargain which was not honored.  Petitioner contends the

plea bargain contained two critical provisions which were not followed:

1.      The eight-year Texas sentence would run concurrently with a Colorado
        sentence petitioner was facing; and

2.      The Texas judge would defer entry of judgment until after petitioner was
        extradited to Colorado so he could begin serving his Colorado sentence and,
        arguably, permit the Texas authorities to then run their sentence concurrently
        with the Colorado sentence.

III.
<u>RESPONDENT'S ANSWER</u>

Initially respondent did not answer but filed a motion to dismiss based on limitations.

Respondent's motion to dismiss was denied and respondent was ordered to file an answer

addressing the merits of petitioner's claims.  Respondent filed an answer and petitioner responded

to such answer.  In their answer, respondent reurges their contention the petition should be

dismissed as barred.  *Respondent's Answer*, at 2-21.  That issue, however, has already been

presented and ruled on.  The Court will not further address respondent's attempt to renew this argument.

On the merits of petitioner's application, respondent answers as follows:

1.      Respondent contends some of petitioner's claims are procedurally defaulted for failure to exhaust.  Respondent submits petitioner has presented new evidentiary material in support of his ineffective assistance of counsel claim in the form of a letter from his state trial counsel to petitioner Frey, dated May 20, 2008.  Respondent contends this evidence was not submitted to the state courts and that this Court is barred from considering it.  Respondent further contends Frey alleged only two grounds of ineffective assistance of counsel in his state petition:

(a)      failure to perform pretrial investigation; and

(b)      counsel was unqualified.

Respondent argues any ineffective assistance of counsel claim relating to allowing petitioner to enter into an unfulfilled and illegal plea bargain was not presented to the state courts, is unexhausted and, since any attempt to now present that claim to the state courts would be a successive writ under Texas law, that petitioner is procedurally barred from asserting the claim in federal court.

2.      Respondent contends petitioner's claims that the plea bargain agreement was not honored are without merit.  Respondent states the Texas sentence was ordered to run concurrent with any other sentence and, therefore, there was no breach of the plea agreement.  Respondent further argues that any provision for the entry of judgment to be deferred was vague and equivocal, and was not part of the plea agreement.

Lastly, respondent contends petitioner has not shown the state court denial of his claims was unreasonable as required by the AEDPA before federal relief can be granted, and that, in any event, his claims are without merit.

IV.
MERITS

Plea Bargain

The records presented to the state courts in the state habeas proceeding (Case Number WR-64,669-03), hereinafter referred to as "state habeas records," or "SHR,"  contain the only written evidence of any plea bargain the undersigned has located.  The terms of the plea bargain agreement are found at page 30 of the state habeas records in a document entitled "Punishment Recommendation."  That recommendation sheet provides the plea agreement is for a recommendation for a term of imprisonment of eight years, for restitution (to be determined), and that the sentence is to run concurrently with Cause Number 98CR3738 (in Colorado).  The state court judgment which issued (SHR, pp. 31-33) sentences Frey to eight years custody of TDCJ-CID, restitution, and provides that the sentence will be concurrent.  The judgment does not specify the sentence is to be concurrent with any specific sentence, whether  Colorado or elsewhere.  The judgment also provides (SHR, p. 33) jail credit is allowed from December 27, 2007 to the present date (April 2, 2008).

As will be discussed in more detail below, in making the determination whether the state court decision was reasonable, this Court's determination must be based upon the record as it existed before the state court.  Although respondent has provided a transcript of the guilty plea and sentencing proceedings which reflects additional information about the plea agreement, that transcript was not part of the state habeas record.

Review of that transcript, however, is instructive.  At page 8, counsel for defendant asked the court, "Your Honor, is Mr. Frey's case to run concurrent with that charge in Colorado as well?" In response, the following exchange took place:

| | |
|---|---|
| The Court: | Is that the recommendation that you agree to? |
| Mr. Beyers: | That's my understanding your Honor. |
| The Court: | Okay.  It will run concurrent.  At least, that's what the orders out of this court will be. |
| Mr. Martindale: | Additionally, your Honor, are you going to wait to enter judgment in that case until he's sent to Colorado? |
| The Court: | Yeah.  If I will be reminded.   Usually they bring those to me in a pile.  I think Mr. Denny mentioned something about that. |
| Mr. Martindale: | Yes. |
| The Court: | Okay?  Alright.  Good luck to you. |

This exchange between defense counsel and the judge provides additional information about the plea proceedings and shows petitioner's allegations are not without some factual basis.  A fair reading of the state habeas records and the transcript of the plea shows there was an agreement, although the exact terms of the agreement were not reduced to writing.  Further, the transcript shows some discussion was had that the Colorado authorities were going to come get Mr. Frey and return him to Colorado and that the state judge was not going to immediately enter judgment.  The transcript also reveals the state court judge was probably not aware of all of the specifics of the unwritten plea agreement.  When asked if the sentence was going to run concurrent, the judge asked the State if that was their recommendation and then stated that the sentence would run concurrent or at least "that's what the orders out of this court will be."  The transcript further reveals that

someone, a Mr. Denny, must have mentioned something to the judge about deferring entry of judgment.  The trial judge indicated he would withhold entry of judgment so long as he was reminded because, apparently, the judgments were generally brought to him in a group.

Petitioner's position is clear.  His state and federal pleadings consistently claim <u>his understanding</u> of the plea agreement was that he was going to enter a plea of guilty to the Texas charge, that he was going to be "extradited" to Colorado to serve his Colorado sentence, and that the Texas sentence would run concurrently with whatever amount of time petitioner served in Colorado after his plea in Texas.  Petitioner Frey also claims he understood the Texas sentence would be discharged or nearly discharged by the time he finished his Colorado sentence, and that he was going to receive four years credit against his Texas credit (apparently for four years he had served on the Colorado sentence before he was paroled in Colorado).  While those last two "provisions" may be results petitioner desired, there is nothing in the record, either the state habeas record or the transcript, to support those claims.  Further, while the Court has not been provided specific facts concerning petitioner's Colorado sentence, it would appear petitioner, according to his allegations, served approximately four (4) years in custody in Colorado, was paroled, was charged with the Texas offense and arrested, was in custody in Texas, and was facing parole revocation proceedings in Colorado as well as the charges in Texas.

The question before this Court is whether, under the AEDPA, federal relief is available to petitioner Frey.  That is, this Court must determine whether the state court determination that petitioner was not eligible for relief was based upon an unreasonable determination of the facts.

In determining whether the state court decision was unreasonable, this Court must be careful to not substitute its judgment for that of the state court.  In other words, a determination that the

state court reached the wrong result or that the state court decision was incorrect, is insufficient. Before federal habeas relief can be granted, a state court decision must involve an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States, or the relevant state court decision must have been based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d). The state court's application of the law must be "objectively unreasonable" not "merely erroneous" or "incorrect." *Cobb v. Thaler*, 682 F.3d 364 (5th Cir. 2012). In *Harrington v. Richter*, __ U.S.__, 131 S.Ct. 770, 786, 178 L.Ed.2d 624 (2011), the Supreme Court held that the AEDPA standard is met only in cases where there is no possibility a fair minded jurist could disagree that the state court's decision conflicts with Supreme Court precedent.

The decision by the Texas Court of Criminal Appeals to deny habeas corpus relief to Frey was not "objectively unreasonable," and, as a result, petitioner is not entitled to relief. The record before the state habeas court was limited to the Punishment Recommendation sheet previously discussed. While the state judge's comments that the Colorado authorities were going to come and get petitioner, in the opinion of the undersigned, might indicate there was some "understanding" that petitioner was going to be returned to Colorado, those comments were not in the record before the state habeas court and this Court cannot consider them in determining whether the state court decision was reasonable. The same is true with respect to the judge's comment about not signing the judgment immediately. While the undersigned finds that comment partially supports petitioner's claims, the comment was not before the state habeas court. Further, as pointed out by respondent, the statement is not a guarantee, but was conditional upon someone reminding the judge to do so.

The guilty plea transcript was not presented to the state habeas court. All that was before the state habeas court was the one-page Punishment Recommendation (SHR, p. 30) which, as set out above did not reference either the fact that Colorado authorities would be coming to get petitioner or the trial judge's comments about deferring entry of judgment.

The Supreme Court has clarified that "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, __ U.S. __131 S.Ct. 1388, 1398, 179 L.Ed.2d 557 (2011). In *Blue v. Thaler*, 665 F.3d 647, 655-56 (5th Cir. 2011), the Fifth Circuit held that the *Pinholster* rationale also applies to § 2254(d)(2). Further, where applicable, the state court's findings of fact "are 'presumed to be correct' unless the habeas petitioner rebuts the presumption through 'clear and convincing evidence.'" *Nelson v. Quarterman*, 472 F.3d 287, 292 (5th Cir. 2006), quoting 28 U.S.C. § 2254(e)(1). This presumption extends not only to express findings of fact, but to the implicit findings of the state court as well. *See Garcia v. Quarterman*, 454 F.3d 441, 444 (5th Cir. 2006) (citations omitted). Where pure questions of fact are concerned, a petitioner is not entitled to relief unless he demonstrates the state court's decision was "based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(2); *see also Buntion v. Quarterman*, 524 F.3d 664, 670 (5th Cir. 2008).

The record before the state habeas court contained only the punishment recommendation sheet. Based on that record, it cannot be said that the state court decision was unreasonable. According to the punishment recommendation sheet, the plea agreement was that the Texas sentence would be ordered to run concurrently with a Colorado sentence. The judgment entered in the state court case did order that the sentence would be concurrent, although it did not specify that

it would be concurrent with the specific Colorado sentence.  Petitioner has not shown that variance alone constituted a breach of the plea agreement nor has petitioner shown it was otherwise significant.  Petitioner seeks more relief than is provided for by the terms of the one-page written plea agreement, *i.e.*, petitioner seeks to have Colorado run its sentence concurrent with the Texas sentence.  The written plea agreement only provided that the Texas sentence would run concurrent.  It did not address how Colorado authorities would treat the Colorado sentence.  Further, it does not appear the Texas judge would have the authority to order Colorado authorities to run the Colorado sentence concurrent with the Texas sentence.  The Texas judge could only order that Texas authorities run the Texas sentence concurrent.  The fact that Colorado authorities have not given Frey any credit for time served in Texas does not mean the Texas sentence is or was not ordered concurrent.  Actually, the more critical component for petitioner Frey was the provision that the judgment would not be signed immediately.  This was critical because if Frey had been able to start his Colorado sentence in Colorado <u>before</u> he began serving his Texas sentence, the Texas sentence would run concurrent.  This discussion relating to deferring entry of judgment, however, was <u>not</u> part of the written plea agreement.[2]  More importantly, while petitioner Frey did present this claim to the state courts, he did not present sufficient evidence to the state court to establish the existence of a firm plea bargain which would be enforceable as to those critical elements he presents to this Court.  No affidavit from defense counsel was submitted establishing the exact terms of the plea agreement.  The transcript of the guilty plea proceedings was not provided to the state habeas court.  Consequently, the state habeas court's determination that there was no breach of the plea bargain

---

[2]The Court does not reach the issue of whether petitioner would have been able to start his Colorado sentence even if entry of the Texas judgment had been delayed.  Frey has not shown how he would have been released from Texas custody to Colorado even if the Texas judgment had not been signed.  If Frey was not in custody when he pled, he has not shown why he did not go to Colorado and surrender to authorities to begin his Colorado sentence.

was not unreasonable based upon the record before it which shows the Texas sentence was "Concurrent Unless Otherwise Specified" (SHR, p. 31).  Since the state habeas court's decision denying relief was not unreasonable, this Court cannot, pursuant to the AEDPA, grant federal habeas corpus relief to Frey.

This case presents an excellent example of why plea bargain agreements should be addressed in detail in open court and why the complete terms of the plea bargain should be reduced to writing.

In this case, the sentencing recommendation sheet could very easily have contained the additional terms of the plea bargain petitioner contends were applicable.

<u>Ineffective Assistance</u>

Frey presents three (3) grounds of ineffective assistance of counsel.

1.      Trial counsel failed to perform a proper pretrial investigation;

2.      Trial counsel was unqualified; and

3.      Trial counsel was ineffective by allowing petitioner into an illegal and unfulfilled plea agreement.

The first two claims alleging trial counsel failed to conduct a proper pretrial investigation and was not qualified are without merit and do not entitle Frey to federal habeas corpus relief.  Frey was aware of both of these claims when he entered his plea of guilty.  A valid guilty plea waives all non-jurisdictional defects, including an ineffective assistance of counsel claim, unless the ineffective assistance claim affects the voluntariness of the plea.  *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983).  In addition, at the time he pled, Frey confirmed that he was in total satisfaction with the representation given to him by his appointed counsel and that his counsel was completely competent in every aspect of representation (SHR, p. 28).

Petitioner also presents claims of ineffective assistance of counsel relating to counsel's performance with respect to the plea bargain, *i.e.*, that counsel was ineffective for allowing him to enter into an unenforceable plea agreement.  Whatever merit may exist with regard to that claim, as pointed out by respondent, such claim was not presented to the state courts, is unexhausted, and is procedurally barred.

V.

**RECOMMENDATION**

It is the RECOMMENDATION of the undersigned United States Magistrate Judge that the Petition for a Writ of Habeas Corpus filed by petitioner BEDAH DONALD FREY be DENIED.

VI.

**INSTRUCTIONS FOR SERVICE**

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 16th day of August, 2012.

CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

**\* NOTICE OF RIGHT TO OBJECT \***

Any party may object to these proposed findings, conclusions and recommendation.  In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line.  Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)©, or transmission by

electronic means, Fed. R. Civ. P. 5(b)(2)(E).  **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).